UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **EUGENE HENRY MOORE** : | | **CIVIL ACTION NO. 12-2540** |
| DOC #310434 | | |
| : | | **SECTION P** |
| **VERSUS** | | |
| : | | **JUDGE MINALDI** |
| **WARDEN, C. PAUL PHELPS** | | |
| **CORRECTIONAL CENTER** : | | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254 on September 22, 2012, by petitioner Eugene Henry Moore.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

At the time of filing, petitioner was an inmate in the custody of Louisiana's Department of Public Safety and Corrections and was incarcerated at C. Paul Phelps Correctional Center in Dequincy, Louisiana.  He was subsequently transferred to Louisiana State Penitentiary in Angola, Louisiana.  Petitioner does not attack his conviction.  Rather, he seeks a more speedy release from custody, claiming respondent improperly calculated his sentence by failing to deduct the amount of time served on an earlier offense.  Petitioner recently notified the court that he was released from the custody of the Louisiana Department of Corrections on December 7, 2012.

Federal courts lack jurisdiction to entertain a suit in the absence of a justiciable "case or controversy."  *See* U.S. Const. Art. III, § 2.  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant

and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kenna*, 523 U.S. 1 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)).

Petitioner's release from custody deprives him of a stake in the outcome in the present litigation. *See e.g. Bailey v. Southerland*, 821 F.2d 277, 278–79 (5th Cir.1987) (*per curiam*) (release from confinement rendered petition for writ of habeas corpus moot where federal prisoner sought release from confinement, expungement of disciplinary reports, and restoration of lost statutory good time and meritorious good time). Because an Article III case or controversy no longer exists, the court lacks jurisdiction over petitioner's application.

For the following reasons it is recommended that the petition be **DISMISSED AS MOOT.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 6th day of February, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE